UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:04-CR-187 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| JONATHAN DEAL ) | |

## **MEMORANDUM & ORDER**

Before the Court is *pro se* Petitioner Jonathan Deal's ("Petitioner") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Court File No. 43). The United States responded (Court File No. 47). For the following reasons, the Court **DENIES** the motion (Court File No. 43).

Petitioner was convicted of being a felon-in-possession in June 2006. At sentencing, Petitioner was deemed an armed career criminal, pursuant to 18 U.S.C. § 924(e) and the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4, with an applicable Guidelines range of 188 to 235 months. However, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and the Court sentenced Petitioner to 151 months' imprisonment.

Petitioner now seeks a sentencing reduction in light of Amendment 709 to the Guidelines, which took effect in 2007. Amendment 709 modified how past offenses were counted for purposes of calculating a defendant's criminal history category. However, this Court is without authority to apply Amendment 709 retroactively to Petitioner. "The authority of a district court to resentence a defendant is limited by statute," namely, 18 U.S.C. § 3582(c). *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Section 3582(c)(2) permits district courts to reduce a term of imprisonment pursuant to Guidelines amendments only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also* 28 U.S.C. § 994(u) (instructing the

Sentencing Commission, when it has reduced the term of imprisonment recommended for a particular offense, to "specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced"). The Sixth Circuit has held this statutory constraint on district courts is constitutional. *See United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009) ("Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce [Petitioner's] sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)."). Neither does § 3582(c)(2) run afoul of the remedial holding of *United States v. Booker*, 543 U.S. 220 (2005). *See Dillon v. United States*, 130 S.Ct. 2683, 2692 (2010) ("Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*.").

The Sentencing Commission has not designated Amendment 709 as one which may be applied retroactively. *See* U.S.S.G. § 1B1.10(c); *see also United States v. Vassar*, 346 F. App'x 17, 28 (6th Cir. 2009) ("Amendment 709 does not apply retroactively"). The Court is therefore without authority to apply the Amendment to Petitioner in this case. Accordingly, the Court **DENIES** Petitioner's motion (Court File No. 43).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**